## S. B. EVERETT v. THE STATE.

PLEA — TRANSCRIPT. — Even in a misdemeanor case, a judgment of conviction will be set aside, on appeal, when the transcript fails to show that the plea of not guilty was either pleaded by, or entered for, the accused.

APPEAL from the County Court of Coleman. Tried below before the Hon. J. F. MILES, County Judge.

The indictment and conviction were for an aggravated assault.

No brief for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

ECTOR, P. J. One of the errors assigned by the appellant is that " the court erred in rendering judgment for the State without any plea having been filed for the defendant." This assignment is well taken. Such omission is fatal to the judgment.

The statute requires that the plea of not guilty shall, in every criminal action, be entered when the defendant refuses to answer. There is nothing in the transcript to show that defendant pleaded to the indictment, or, on his failure or refusal to do so, that the plea of not guilty was entered

upon·the minutes of the court for him. (This fact is usually recited in the judgment.)

For this error alone the judgment is reversed and the cause remanded.

*Reversed and remanded.*